No. 18,758.

C. A. RICHOLSON, *Appellee*, v. WILLIAM FERGUSON, *Appellant.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Agreement for Deductions—Evidence of Value of Corporation Stock Inadmissible.* In an action upon a promissory note, evidence of the value of shares of stock for which the note was given is inadmissible under an agreement that deductions should be made from the note for any just claims outstanding against the company whose stock was sold, not shown upon its books.

2. SAME—*Evidence that Flour Was Misbranded Inadmissible.* It was not error to exclude evidence offered tending to show that the milling company had put up flour in sacks branded to indicate a superior quality, in the absence of any offer to prove that the flour had been sold according to the brand, or that loss had resulted from the deception, or that claims had been made therefor.

3. SAME—*Claim Reduced to Judgment—Judgment Is Final.* When a claim, presented against the milling company after the sale, had been reduced to judgment, the claims previously made for a larger sum and correspondence relating thereto were not admissible, the judgment having determined the amount.

4. SAME—*Number of Special Questions—Discretion of Court.* Where the issues involved the allowance or rejection of a large number of items, the discretion of the district court in submitting a corresponding number of special questions will not be interfered with, no prejudice nor confusion being shown.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed April 11, 1914. Affirmed.

*Frank O. Johnson,* of McPherson, for the appellant.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This appeal is from a judgment on a promissory note which was made subject to deductions as provided in a contemporaneous agreement, and a memorandum upon the note. The principal facts are stated in the report of the first appeal in this case in *Richolson v. Ferguson,* 87 Kan. 411, 124 Pac. 360. The trial was to determine the amount of these deductions. The defendant produced in evidence an account, called the "Royston Suspense Account," kept in the mill after the sale of the shares of stock, purporting to show payments of claims not appearing on the books but outstanding at the time of the sale. The defendant also produced an inventory of the resources and liabilities of the milling company, taken at the time of the sale, showing in the column of resources an item of $1427.39, interest, and offered to prove that Mrs. Royston, who had the general management of the business at the time of the sale, and who sold the stock, told the persons who made the inventory that interest had been paid on certain notes; that upon that statement the interest was allowed; and that the statement was not true.

The defendant also offered to prove that the plaintiff, a bookkeeper in the mill at the time of the sale, who was a creditor of Mr. Royston to the amount of $5000, had said that the sale of the stock was a good sale and if it had not been made his $5000 would have been lost. The defendant also offered to prove by one of the persons who made the inventory what, in his opinion, the actual value of the stock was. Another offer was to

prove that a large per cent of the flour of an inferior grade had been put up in sacks bearing the brand of a superior grade. All these offers were rejected.

Among the items of the Royston suspense account were "H. E. Brooks, $3111.65," and "H. E. Brooks, $1141.30." It was shown that these items represented claims of H. E. Brooks, a salesman of the milling company, for damages and loss of commissions upon failure of the company to fill orders which he had taken. In an action brought by Brooks against the company he recovered a judgment for only $300. The defendant offered the contract with Brooks and correspondence relating to these claims, which the court held to be immaterial because they had been merged in the judgment, conclusively fixing the amount of the liability.

In considering the admissibility of the testimony, reference must be made to the agreement upon which the note in suit and other notes were made, which provided:

"The notes due in six months to be subject to deduction of *pro rata* shares of any just claims or bills of any nature that may be held by any parties against said Mill Company and which for any cause do not appear on the books of the Company at time of inventory."

This clearly states what deductions are to be allowed, and the court could allow no other. This disposes of the contention that evidence of the value of the stock should have been admitted. It is true that it was said in the former opinion that the purpose of the guaranty given Ferguson was that he should get the stock at its value. This was said with respect to the question then considered, and related to the value as diminished by claims not appearing on the books of the company. That was the method the parties agreed upon to determine the value. It does not appear that the interest item was a claim held by any party against the company when the trade was made, not appearing upon the books, and therefore was not a deduction provided for in the agreement.

The fact that the flour had been put up in misbranded sacks might have afforded a basis for claims against the company if sold according to the brand, and loss to customers had resulted from the deception. There was no offer to prove that any such claim had ever been made or contemplated. The mere fact that flour had been put in sacks indicating a superior quality fell short of proving any right to deduction under the agreement.

The ruling upon the Brooks items was correct. The only loss of the milling company on that claim was the amount of the judgment, $300, which was paid by the company and allowed by the jury. The correspondence relating to the matter, if admitted, would have served no good purpose.

The district court admitted in evidence the suspense account, and instructed the jury that if they found "that any of said items were claims made against said corporation and not shown on its books at the date of said inventory and that the new manager paid them after a full investigation, the burden of proof is then upon the plaintiff to show by the greater weight of the evidence that the claims so made and paid were not just." The instruction is in harmony with the former opinion. The jury allowed deductions for several of the items in the account, and disallowed others, upon conflicting evidence. The questions of fact thus settled can not be reviewed here.

Complaint is made that an excessive number of special questions were submitted to the jury. The large number of items for which credits were claimed afforded a reason for asking a corresponding number of questions. They were simple and methodical. It does not appear that any confusion or prejudice resulted, and no sufficient reason is discovered for interfering with the discretion of the district court in submitting them.

The judgment is affirmed.